IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| JOHN KESSEL, | ) | Cause No. CV 09-44-BU-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| WARDEN BOB DOOLEY; | ) | U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On June 5, 2009, Petitioner John Kessel filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Kessel is a state prisoner proceeding pro se. He is currently incarcerated at the Mike Durfee State Prison in Springfield, South Dakota.

Kessel originally named the State of Montana as the Respondent. (Court's Doc. 1–Petition at 1). On June 9, 2009, he was given an opportunity to amend his petition to name a correct Respondent. He was advised that the Warden of his current facility was a proper

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

Respondent. (Court's Doc. 4–Order at 2, 3 ¶ 2). On June 15, 2009, Kessel filed an amendment to his petition naming Warden Bob Dooley and the Attorney General of the State of Montana as Respondents. (Court's Doc. 5–Amended Petition at 1).[1]

On October 9, 2009, Kessel was ordered to show cause why his petition should not be dismissed under the federal statute of limitations or under the doctrine of procedural default and procedural bar. He responded on November 3, 2009. He also moved for the appointment of counsel.

A. Statute of Limitations

The Court's prior Order (Court's Doc. 8) determined Kessel's claims were filed beyond the federal one-year statute of limitations period. But the Antiterrorism and Effective Death Penalty Act of 1996

---

[1] Although Kessel is currently confined in South Dakota, this Court maintains personal jurisdiction over this habeas petition. According to the Department of Corrections website, Kessel was transferred pursuant to the Interstate Corrections Compact Act. The "sending" state has continued jurisdiction over and constructive custody of a prisoner transferred under the Interstate Corrections Compact Act. See Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (deciding habeas jurisdiction over a prisoner convicted of rape in Nebraska but transferred to Nevada under the Interstate Corrections Compact was in Nebraska).

(AEDPA)'s statute of limitations provision is subject to equitable tolling.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and is appropriate only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288 (emphasis added).

In response to the Court's Order, Kessel argues he filed for sentence review on May 9, 2008, and received an answer from the Sentence Review Board on May 29, 2008.  He states he found out he could file a federal petition for writ of habeas corpus from another inmate in January 2009 and the law library at the Great Falls Regional Prison was going to get the forms for him.  He was transferred to the Montana State Prison on February 3, 2009, and was able to get two of the three sets of forms.  The day he was to get the third form, May 6, 2009, he was transferred to South Dakota.  He got the universal habeas

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

form on May 20, 2009, and sent it in.

As set forth in the Court's prior Order, Kessel had until March 3, 2009, to file his federal habeas petition.  He admits he knew about filing a federal habeas in January 2009 but did not do so.  Although he contends he did not have the forms for filing, at the very least he had access to those forms when he was transferred to the Montana State Prison on February 3, 2009.

Kessel also argues the statute should be tolled while his petition for sentence review was pending.  It is unclear whether an application with the Montana Sentence Review Division tolls the statute of limitations, but the Court need not decide that issue here.  Kessel's petition for sentence review was only pending for 20 days.  Kessel's habeas petition was filed three months after the statute ran.  As such, even if the Court tolled the statute of limitations by 20 days, Kessel's habeas petition would still be untimely.

B.  Procedural Default

As set forth in the Court's prior Order, Kessel never presented the claims in his federal petition to the Montana Supreme Court and he

cannot do so now, because he is outside the Montana one-year post-conviction limitations period. Mont. Code Ann. § 46-21-102(1), (2). Accordingly, his claims are procedurally defaulted unless he can show cause and prejudice or a fundamental miscarriage of justice.

Kessel argues a miscarriage of justice has occurred because an open plea is for the Defendant and the Judge and the prosecution is not supposed to call witnesses. He also argues Judge Krugger was on the sentence review board. More importantly, Petitioner claims the victim denied there had been any penetration and the doctor told the victim's mother the victim had not been touched.

The fundamental miscarriage of justice exception is only applied in extraordinary cases. The reason for such rare application is the U.S. Supreme Court has "explicitly tied the . . . exception to the petitioner's innocence." Schlup v. Delo, 513 U.S. 298, 321 (1995).

> [If a petitioner] . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

Id. at 316.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

To establish actual innocence, Kessel must demonstrate in light of all the evidence, including new evidence, that "it is more likely than not that no reasonable juror would have convicted him." U.S. v. Ratigan, 351 F.3d 957 (9th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

Kessel's arguments are insufficient to establish a fundamental miscarriage of justice. While he contends there is evidence there was no penetration, Kessel was convicted of sexual assault, not sexual intercourse without consent. The issue at trial would not have been penetration. Moreover, Kessel plead guilty to the sexual assault charge. Kessel cannot establish he is actually innocent of his charges.

Kessel did not attempt to demonstrate cause and prejudice. Accordingly, his claims are procedurally defaulted.

C.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of appealability may issue . . .

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

only if the applicant has made a substantial showing of the denial of a constitutional right."  See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  The "substantial showing" standard can be satisfied on an issue-by-issue basis.  Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025).  In addition, a petitioner is not required to establish that he will prevail on the merits.  Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4).  Rather, the

COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025.

The Ninth Circuit has described at least two examples of situations which may satisfy the Barefoot standard. First, the standard may be met where although there is a controlling rule in the particular circuit, another circuit has reached a conflicting view. Id. at 1025-26. Second, a petitioner may persuasively argue that circuit law which forecloses relief should be reconsidered. Id.

In other situations where the district court dismisses a claim on procedural grounds, the Ninth Circuit has imposed a two-part Barefoot inquiry.

> First, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Second, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambright, 220 F.3d at 1026 (quoting Slack, 120 S. Ct. at 1064). "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c)

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8

showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

The COA must indicate which issues satisfy the required showing. 28 U.S.C. § 2253(c)(3). Additionally, the district judge must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

The Court finds that dismissal of Kessel's petition based upon failure to file within the applicable statute of limitations and for failure to exhaust state court remedies follows basic principles of habeas law which are not debatable among jurists of reason and another court could not resolve these issues in a different manner. Accordingly, any request for a certificate of appealability should be denied.

In light of the recommendation to deny Kessel's habeas petition, the motion for appointment of counsel will be denied.

Based on the foregoing, the Court issues the following:

ORDER

Kessel's Motion for Legal Counsel (Court's Doc. 10) is DENIED.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 9

Further, the Court issues the following:

## RECOMMENDATION

1.  The Petition (Court's Doc. 1) should be DENIED on based upon failure to file within the applicable statute of limitations and because his claims are procedurally defaulted.

2.  The Clerk of Court should be directed to enter by separate document a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Kessel may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 10

part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. [Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)](#).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to [Fed.R.Civ.P. 4(a)(1)](#), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of December, 2009.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge
