FILED
BILLINGS DIV.
2010 JAN 25 PM 3 34
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| JOHN KESSEL, | ) |
| | ) CV-09-44-BU-RFC |
| Petitioner, | ) |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| WARDEN BOB DOOLEY; | ) AND RECOMMENDATIONS OF |
| ATTORNEY GENERAL OF | ) U.S. MAGISTRATE JUDGE |
| THE STATE OF MONTANA; | ) |
| | ) |
| Defendant. | ) |

On December 7, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 11*) with respect to Kessel's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Magistrate Judge Ostby recommends that the Petition be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Petitioner filed an objection on December 15, 2009, and an amendment to his objection on December 21, 2009. Petitioner's objections require this Court to make a *de novo* determination of those portions of the Findings and

1

Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Petitioner's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

On October 9, 2009, Magistrate Judge Ostby determined Kessel's claims were filed beyond the federal one-year statute of limitations period and ordered Kessel to show cause why his petition should not be dismissed under the federal statute of limitations or under the doctrine of procedural default and procedural bar. Kessel responded on November 3, 2009.

As set forth in the Court's prior Order, Kessel had until March 3, 2009 to file his federal habeas petition. He admits he knew about filing a federal habeas petition in January 2009 but did not do so. Although Kessel contends he did not have the forms for filing, at the very least he had access to those forms on February 3, 2009 when he was transferred to Montana State Prison.

Kessel argues the statute should be tolled while his petition for sentence review was pending. Even if the Court tolled the statute of limitations for that time period, the sentence review was only pending for 20 days and Kessel's habeas petition would still be untimely.

As set forth in the Court's prior Order, Kessel never presented the claims in his federal petition to the Montana Supreme Court and he cannot do so now, because he is outside the Montana one-year post-conviction limitations period. Mont. Code Ann. § 46-21-102(1), (2). Accordingly, his claims are procedurally defaulted unless he can show cause and prejudice or a fundamental miscarriage of justice.

The fundamental miscarriage of justice exception is only applied in extraordinary cases. The reason for such rare application is the U.S. Supreme Court has "explicitly tied the . . . exception to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

> [If a petitioner] . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

Id. at 316.

To establish actual innocence, Kessel must demonstrate in light of all the evidence, including new evidence, that "it is more likely than not that no reasonable juror would have convicted him." *U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Kessel's arguments are insufficient to establish a fundamental miscarriage of justice. While he contends there is evidence there was no penetration, Kessel was convicted of sexual assault, not sexual intercourse without consent. The issue at trial would not have been penetration. Moreover, Kessel plead guilty to the sexual assault charge. Kessel cannot establish he is actually innocent of his charges.

Kessel did not attempt to demonstrate cause and prejudice. Accordingly, his claims are procedurally defaulted.

Therefore, IT IS HEREBY ORDERED as follows:

1. Kessel's Petition is DENIED based upon failure to file within the applicable statute of limitations and because his claims are procedurally defaulted.

2. The Clerk of Court is directed to enter by separate document a judgment pursuant to Rule 58, F.R.Civ.P. and close this case accordingly.

3. A certificate of appealability is DENIED.

DATED this 25th day of January, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE